IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     No. CR 06-0753 JB

MARVIN DESCHINNY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Objections and Corrections to the Presentence Report and Sentencing Memorandum, filed February 28, 2008 (Doc. 56)("Defendant's Objections"). The Court held a hearing on March 5, 2008. The primary issues are: (i) whether the Court should allow Marvin Deschinny to pay restitution to the victim in the amount of $50.00 per month or 15 percent of his take-home income, whichever is higher, and (ii) whether Deschinny has to pay restitution for amounts that he contends are not adequately itemized or supported by independent records. Because the Court believes repayment in the amount of $50.00 per month or 15 percent of Deschinny's take-home income, whichever is higher, is appropriate, and because the Court does not have enough documentation to determine whether restitution beyond the already established amount of $500.00 is appropriate, the Court will sustain in part and overrule in part Deschinny's objection to restitution.

**PROCEDURAL BACKGROUND**

On December 14, 2007 the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR"). See PSR, disclosed on December 14, 2007. A section of the PSR

labeled "Restitution" states:

> The Mandatory Victim Restitution Act of 1996 is applicable in this case.  The Act requires the Court to enter a restitution order for each defendant who has been found to have committed:  a crime of violence, an offense against property, or a crime related to tampering with consumer products.  The order must be entered without consideration of the defendant's ability to pay and without consideration of the costs of collection efforts to the Department of Justice.  The manner in which restitution is collected will be in accordance with 18 U.S.C. § 3572.
>
> A final restitution amount will not be determined at this time.  Once the information is received, the Court and parties will be notified by addendum.

PSR ¶¶ 98, 99, at 25.

On or about January 18, 2008, Deschinny's counsel sent a letter to the United States Probation Officer with objections, corrections, and suggestions for a variance.  See Defendant's Objections, Letter to USPO at 1-3, dated January 18, 2008 ("Letter to USPO"). On February 25, 2008, the USPO disclosed an addendum to the PSR. See Addendum to PSR, disclosed on February 25, 2008 ("Addendum").  Deschinny states that most of the requested corrections in his January 18, 2008 letter were made.  See Letter to USPO at 1.

On February 28, 2008, Deschinny filed a sentencing memorandum containing objections and corrections to the PSR.  See Defendant's Objections.  Deschinny argues that the request for restitution in the PSR was neither adequately itemized nor supported by any independent bills or other records. See Defendant's Objections at 1.  Deschinny states that, while he is empathetic to the injuries the victim suffered, his counsel is obligated to request independent verification of these requests for restitution.  See id. at 1.

At the hearing, Deschinny stated that, at this time, he can agree only that he owes the victim $500.00 and requested that the Court order that restitution should be paid at the rate of $50.00 a month or 15 percent of Deschinny's take-home pay, whichever is higher.  See Transcript of Hearing

at 11:13-21 (taken March 5, 2008)(Finzel)("Tr.").[1] At the hearing, the USPO agreed that assessing Deschinny $50.00 per month was presently appropriate. See id. at 14:1-10 (Chavez). The United States stated that the proposal made by the USPO, for Deschinny to pay $50.00 per month, was appropriate given the current amount of documented restitution. See id. at 15:17-24 (Spiers).

## ANALYSIS

Deschinny argues that the request for restitution is neither adequately itemized nor supported by any independent bills or other records, and his defense counsel states that he is obligated to request independent verification of these requests for restitution.

At the sentencing hearing, the parties agreed that an amount of $50.00 per month, to reimburse the victim for her clothing and eye glasses, totaling $500.00, is a reasonable amount of restitution for the present time. Deschinny is ordered to pay $50.00 a month or 15 percent of his take-home income, whichever is higher. The amount of restitution that Deschinny pays to the victim each month should not exceed 15 percent of his take-home income for the first two years of repayment.

The Court notes that, at the present time, the documentation is not sufficient as to the other restitution amounts claimed. Deschinny, however, may be required to pay restitution to Indian Health Services for the medical treatment provided to the victim. The Court acknowledges that the parties may need to revisit the restitution issue within 90 days, when the restitution amounts are final, to determine if Deschinny needs to pay additional restitution. At this time, however, a final restitution amount has not been determined. Thus, for the present time, the Court will require Deschinny to pay $500.00 of restitution to the victim in the amount of $50.00 per month, or 15

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited versions. Any final transcript may contain slightly different page and/or line numbers.

percent of his income, whichever is higher.

**IT IS ORDERED** that the Defendant's objection to restitution made in Defendant's Objections and Corrections to the Presentence Report and Sentencing Memorandum is sustained in part and overruled in part. The Defendant must pay $500.00 of restitution to the victim in the amount of $50.00 per month, or fifteen percent of his income, whichever is higher. The amount of restitution that the Defendant pays to the victim each month should not exceed fifteen percent of his take-home income for the first two years of repayment. If necessary, the Court will revisit this issue when a final restitution amount is determined.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Paul H. Spiers
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Roger A. Finzel
Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*